BENJAMIN B. WAGNER
United States Attorney
CAROLYN K. DELANEY
DOMINIQUE N. THOMAS
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2798

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> DUKE NOTTINGHAM, ) <br> ) <br> Defendant. ) | CR. NO. 09-477-JAM <br><br> GOVERNMENT'S MOTION TO VACATE DEFENDANT'S CONVICTION ON COUNT TWO WITHOUT PREJUDICE AND ORDER |

The United States of America, by and through its attorneys, Carolyn K. Delaney and Dominique N. Thomas, Assistant United States Attorneys, hereby requests that the Court vacate the defendant's conviction on Count Two without prejudice.

**I.   BACKGROUND**

On September 16, 2010, the defendant was found guilty by a jury of both counts of the Indictment as follows: Count One, a violation of 18 U.S.C. § 2252(a)(2), Distributing Child Pornography, and Count Two, a violation of 18 U.S.C. § 2252(a)(4)(B), Possessing Child Pornography.  Sentencing is set for April 12, 2011.

///

///

## II. <u>UNITED STATES V. LYNN</u>

On February 23, 2011, the Ninth Circuit issued its opinion in <u>United States v. Lynn</u>, 2011 WL 635298 (9th Cir. Feb. 23, 2011). Lynn had been convicted of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The Court found that Lynn's convictions for receipt and possession of child pornography, based essentially on the same evidence, violated the Double Jeopardy Clause of the Fifth Amendment. <u>Id</u>. at 2846. The case was remanded with instructions that the district court should "vacate one of Lynn's convictions, allowing for it to be reinstated without prejudice if his other conviction should be overturned on direct or collateral review..." <u>Id</u>. at 2852.

## III. THE DEFENDANT'S CONVICTION ON COUNT TWO SHOULD BE VACATED WITHOUT PREJUDICE

In this case, the evidence underlying the possession count was substantially similar to the distribution count. Based on <u>Lynn</u>, therefore, the Government respectfully suggests that the Court should vacate the conviction on Count Two without prejudice, and sentence the defendant only on Count One.

Dated: March 15, 2011           Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

By: <u>/s/ Carolyn K. Delaney</u>
CAROLYN K. DELANEY

<u>/s/ Dominique N. Thomas</u>
DOMINIQUE N. THOMAS
Assistant U.S. Attorneys

**ORDER**

**IT IS HEREBY ORDERED:** That pursuant to <u>United States v. Lynn</u>, 2011 WL 635298 (9th Cir. Feb. 23, 2011), the conviction on Count Two of the above-captioned Indictment is hereby VACATED, without prejudice, to be reinstated if the conviction on Count One of Indictment should be overturned on direct or collateral review.

Dated: March 17, 2011

/s/ John A. Mendez
<u>Honorable John A. Mendez</u>
United States District Court